UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SCott HENSLEY,<br><br>  Plaintiff,<br><br>v.<br><br>TIMOTHY CONNER, et al.,<br><br>  Defendants,<br><br>And<br><br>ED HOUSLEY, et al.,<br><br>  Counter-Plaintiffs/Cross Plaintiffs/<br>  Third-Party Plaintiffs,<br><br>v.<br><br>SCOTT HENSLEY,<br><br>  Counter-Defendant,<br><br>TIMOTHY CONNER, et al.,<br><br>  Cross-Defendants,<br><br>ELMER SEATON, et al.,<br><br>  Third-Party Defendants. | No. 3:18-CV-173<br>   REEVES/GUYTON |

## MEMORANDUM OPINION

This matter is before the court on the Tennessee Valley Authority's (TVA) motion to dismiss and to remand all remaining claims to the Chancery Court for Jefferson County,

Tennessee. Plaintiff Scott Hensley and third-party plaintiffs Ed Housley and Sherri Housley do not oppose the motion. However, defendants Lawrence and Kathy Slattery do oppose the motion. Because plaintiffs seek no relief from TVA, the motion to dismiss is granted and the remaining state law claims are remanded to the Chancery Court for Jefferson County, Tennessee.

## I. Background

Hensley originally filed a complaint in the Chancery Court for Jefferson County, Tennessee. TVA removed the action to this court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446(b).

Henlsey owns a tract of land that is surrounded and enclosed by tracts of land that defendants own. The Hensley tract is bounded by Douglas Lake, but has no access to a public road, street, or utilities. Hensley brings this action seeking a right-of-way or easement from defendants for ingress and egress and to run utilities to his property. Hensley named TVA as a party to this action because his property is subject to a flowage easement in favor of the United States for the use and benefit of TVA and all lands below the 1007 contour line of Douglas Lake. Hensley does not seek to affect or change any rights possessed by TVA and concedes that the easement rights being sought in this action will be subject to TVA's rights under the flowage easement where the road is below the 1007 contour line of Douglas Lake. Thus, Henley seeks no relief of any kind from TVA.

In opposing the motion to dismiss TVA, the Slatterys rely on a state court order finding that TVA is an indispensable party to the litigation. The Slatterys state that disposition of this action as it relates to TVA is inappropriate and premature because any

2

roadway and utility easement benefitting Hensley across the Slattery property will require crossing through TVA's flowage easement covering a portion of the Slattery property situated below the 1007 contour. Therefore, the relief Hensley seeks – the right to construct and maintain a roadway and utilities will necessarily conflict with and interfere with TVA's flowage easement. In the absence of TVA in this action, the Slatterys fear potential liability to TVA based on the location and manner in which Hensley may construct the roadway he seeks over the Slattery property. The Slatterys take no position as to TVA's motion to remand.

## II.  Discussion

### A.  Motion to Dismiss TVA

Failure to state a claim for relief from one defendant is a failure to state a claim as to that defendant and warrants dismissal under Federal Rule of Civil Procedure 12 (b)(6). *Aladimi v. Hamilton Cnty Justice Ctr.*, 2012 WL 292587, *12 (S.D. Ohio Feb. 1, 2012). The court agrees that while Hensley's complaint seeks relief from other defendants in the case, he does not seek to affect or change TVA's rights under the flowage easement and acknowledges that any road or easement will be subject to TVA's flowage easement rights. Nor do the third-party Housley plaintiffs seek any relief from TVA. And, the Slatterys have not asserted any cross-claims against TVA. The Slatterys lack standing to oppose a co-defendant's motion where the opposing defendant has no cross-claims against the moving defendant. *See Hawes v. Blast-Tek, Inc.,* 2010 WL 2680778, *2 (D.Minn. Jul. 2, 2010) (holding that opposing defendant should not be able to force the plaintiff to maintain claims against co-defendant).

In addition, the Slatterys fail to show that the proposed easement will cross or otherwise obstruct TVA's flowage easement. Hensley proposes two main options for the location of the easement. The first option situates the easement across the properties of the Slatterys, Dillons, Sotera, Davidson, Kings, and McMahans. The second option uses the four-wheel drive road that crosses the Slattery and Housley properties. Hensley states neither option crosses TVA's flowage easement, and because TVA's flowage easement slopes sharply down to the water, the need to cross TVA's easement appears remote. The Housleys also propose two options for the location of the easement that do not involve crossing TVA's flowage easement.

The Slatterys seek to keep TVA as a party in this action by assuming that any proposed easement will cross TVA's flowage easement. However, there is nothing in the record to support the assumption that any of the proposed easements will cross TVA's flowage easement. Frank Edmondson, Federal Land Manager, submitted a declaration stating that if a proposed easement did interfere with TVA's flowage easement, a party can apply for a permit from TVA after the easement route is established and prior to its construction. Because there are procedures in place to manage land uses that impact TVA's flowage easement, TVA's dismissal from this litigation will not prejudice the Slatterys.

The Slatterys' reliance on the state court order finding TVA an indispensable party is misplaced. First, a federal court may dissolve or modify orders entered in state court before removal. 28 U.S.C. § 1450; *Schmalbach v. United States,* 2017 WL 1130027, *1 (W.D.Mich. Mar. 27, 2017). Second, the state court order plainly states:

4

Third, notwithstanding the foregoing, any party in cause seeking statutory easement by necessity pursuant to Tennessee Code Annotated sections 54-14-101, et seq. not seeking to cross any lands subject to the TVA's flowage easement **shall not be required to make TVA a party with respect to such claim.** (Emphasis added).

Accordingly, because there is no claim asserted against TVA in this action and no showing that plaintiffs are seeking to cross lands subject to TVA's flowage easement, TVA is **DISMISSED** as a party defendant in this action.

### B. Motion to Remand

Regarding the motion to remand, if the federal party is dismissed from the suit after removal under § 1442, the district court has discretion to remand the case to state court. *See Dist. Of Columbia v. Merit Sys. Prot. Bd.,* 762 F.2d 129, 132-33 (D.C.Cir. 1985). Federal courts may also decline to exercise supplementary jurisdiction over cases removed under § 1441 and remand remaining state law claims to state court. *In re Romulus Cmty Sch.,* 729 F.2d 431, 439 (6th Cir. 1984). Generally, when all federal claims are dismissed, the balance of considerations such as judicial economy, convenience, fairness, and comity usually point to remanding state claims to the state court. *Gamel v. City of Cincinnati,* 625 F.3d 949, 952 (6th Cir. 2010). TVA's dismissal removes the grounds for federal jurisdiction. And, the court declines to exercise supplemental jurisdiction over the remaining claims which involve questions under Tennessee law best decided by the state court.

### III. Conclusion

TVA's motion to dismiss [R. 8] is **GRANTED** and TVA is **DISMISSED** as a party defendant in this action. In addition, TVA's motion to remand all remaining claims is **GRANTED,** and this action is **REMANDED** to the Chancery Court for Jefferson County, Tennessee.

**ORDER TO FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**