UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:18-CV-173 |
| | ) | REEVES/GUYTON |
| TIMOTHY CONNER, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ED HOUSLEY, et al., | ) | |
| | ) | |
| Counter-Plaintiffs/Cross Plaintiffs/ | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT HENSLEY, | ) | |
| | ) | |
| Counter-Defendant, | ) | |
| | ) | |
| TIMOTHY CONNER, et al., | ) | |
| | ) | |
| Cross-Defendants, | ) | |
| | ) | |
| ELMER SEATON, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION**

On November 19, 2018, the court entered an order dismissing Tennessee Valley Authority (TVA) as a defendant and remanding the case to the Chancery Court for

Jefferson County, Tennessee. Defendants Lawrence Slattery and Kathy Slattery move to alter or amend the judgment. As grounds for their motion, the Slatterys contend that the court failed to take judicial notice of 114 pages consisting of TVA land acquisition maps and Jefferson County tax maps which show that Hensley cannot reach his property without crossing TVA's flowage easement. Thus, the Slatterys contend that TVA is a necessary party to this litigation.

## I. Background

Hensley originally filed a complaint in the Chancery Court for Jefferson County, Tennessee. TVA removed the action to this court pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446(b).

Hensley owns a tract of land that is surrounded and enclosed by tracts of land that defendants own. The Hensley tract is bounded by Douglas Lake, but has no access to a public road, street, or utilities. Hensley brings this action seeking a right-of-way or easement from defendants for ingress and egress and to run utilities to his property. Hensley named TVA as a party to this action because his property is subject to a flowage easement in favor of the United States for the use and benefit of TVA and all lands below the 1007 contour line of Douglas Lake. Hensley does not seek to affect or change any rights possessed by TVA and concedes that the easement rights being sought in this action will be subject to TVA's rights under the flowage easement where the road is below the 1007 contour line of Douglas Lake. Thus, Hensley seeks no relief of any kind from TVA.

In opposing the motion to dismiss by TVA, the Slatterys rely on a state court order finding that TVA is an indispensable party to the litigation. But the court found that the

Slatterys misinterpreted the order, and the plain reading of the order states that TVA is not an indispensable party. The Slatterys further aver that disposition of this action as it relates to TVA is inappropriate and premature because any roadway and utility easement benefitting Hensley across the Slattery property will require crossing through TVA's flowage easement covering a portion of the Slattery property situated below the 1007 contour. Therefore, the relief Hensley seeks – the right to construct and maintain a roadway and utilities will necessarily conflict with and interfere with TVA's flowage easement. In the absence of TVA in this action, the Slatterys fear potential liability to TVA based on the location and manner in which Hensley may construct the roadway he seeks over the Slattery property. The Slatterys took no position as to TVA's motion to remand.

In the prior order, the court dismissed TVA because there were no claims asserted against TVA and no showing that Henlsey was seeking to cross lands subject to TVA's flowage easement. The court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded the case to the Chancery Court for Jefferson County, Tennessee. The Slatterys seek to alter or amend the court's order under Federal Rule of Civil Procedure 59(e).

A motion under Rule 59(e) "runs contrary to notions of finality and repose and therefore is generally discouraged and affords relief only under extraordinary circumstances." *Reed v. TVA,* 2018 WL 4832361 at *1 (E.D.Tenn. Dec. 11, 2007). Under Rule 59, a court may alter or amend a judgment based on (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Leisure Caviar, OOC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 615

(6th Cir. 2010). A motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Pub. LLC,* 477 F.3d 383, 395 (6th Cir. 2007). Nor is it an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence. *Kenneth Henes Spec. Projects Procurement v. Cont'l Biomass Indus.,* 86 F.Supp.2d 721, 726 (E.D.Mich. 2000). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse. *Scotts Co. v. Cen. Garden & Pet Co.,* 403 F.3d 781, 788 (6th Cir. 2005).

## II. Discussion

### A. Jurisdiction to Reconsider Prior Order

TVA questions whether the court can review its order after the action was remanded to the Chancery Court for Jefferson County, Tennessee. The answer is "yes."

Ordinarily, an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the state court from which it was removed pursuant to 18 U.S.C. § 1442 is reviewable by appeal or otherwise. 28 U.S.C. § 1447(d). This case was originally removed pursuant to § 1442(a)(1) and is thus reviewable.

### B. Motion to Alter or Amend Judgment

First, the Slatterys request the court to revisit whether they lack standing to oppose TVA's motion to dismiss. TVA raised the issue of standing in its reply brief, yet the

4

Slatterys did not request permission to file a supplemental brief to address their lack of standing. Accordingly, the court finds that the Slatterys have waived this argument. *See* L.R. 7.2 (waiver occurs where a party fails to respond to arguments made by its opponent).

Next, the Slatterys assert the court should have considered documents in the record for which they requested the court take judicial notice. The Slatterys contend this evidence supports their position that TVA must remain a party to this litigation. But the court did consider the items specifically discussed in the Slatterys' brief and found the Slatterys failed to show that a proposed easement will cross or otherwise obstruct TVA's flowage easement. The court relied on a modern, high-resolution map submitted by TVA showing the precise location of TVA's flowage easement in relation to the Slattery and Hensley properties. As stated in the court's prior order, the Slatterys point to no specific portion of TVA's flowage easement that will be crossed by Hensley's proposed easement. Even assuming that Hensley's proposed easement will require crossing TVA's flowage easement, relief can be obtained by applying for a permit from TVA after the route is established and prior to construction. Thus, there is no reason for TVA to be a party to this action.

To the extent the Slatterys are relying on documents contained in their 114-page request for judicial notice that are not specifically discussed in their pleadings, the court will not comb through the 114-page submission to find support for their claims. Fed.R.Civ.P. 56(c)(3); *see United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Finally, if the Slatterys wanted TVA to be a defendant in this case, they had the opportunity to being a cross-claim against TVA, but they declined to do so.

### III. Conclusion

The Slatterys do not identify circumstances warranting Rule 59(e) relief. They have identified no clear error of law; there is no newly discovered evidence; there have been no changes in controlling law; and the Slatterys have not shown any manifest injustice resulting from the court's prior order. The court affirms its prior order, which is incorporated herein by reference. Accordingly, the Slatterys' motion to alter or amend judgment [R. 19] is **DENIED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**